ALBERT CHERBURY's (administrator's) CASE.

Suffolk. December 5, 1924. — February 25, 1925.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Specific compensation. *Executor and Administrator.*

Specific compensation under G. L. c. 152, § 36, cannot be awarded upon a petition filed for the first time after the death of the employee by the administrator of his estate.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding to the administrator of the estate of Albert Cherbury specific compensation for the loss of use of the right arm of the employee due to an injury received by him on January 18, 1923, while in the employ of A. B. Hoffman and Son, Incorporated, from which he died on July 29, 1923.

In the Superior Court, the case was heard by *Morton*, J., and a decree was entered in accordance with the decision of the board. The insurer appealed.

*G. Gleason*, for the insurer.

*P. A. Kiely*, (*C. V. Hogan* with him,) for the claimant.

SANDERSON, J. Albert Cherbury, the employee, was injured while working for A. B. Hoffman and Son, Inc., January 18, 1923, and died July 29, 1923. The employer's report of the injury is on file in the case. An agreement for compensation was entered into between the insured and Mary Cherbury, widow of the deceased, for the payment of weekly compensation, and the insurer paid the hospital and

medical bills. On March 11, 1924, the member of the board heard the parties on the question of specific compensation for loss of use of right arm. Counsel for the insurer objected to the hearing on the ground (1) that there is no claim for specific compensation for loss of the use of the right arm; and (2) that no administrator had been appointed and that specific compensation does not go to dependents. On April 4, 1924, Joseph Cherbury was appointed administrator of the estate of Albert Cherbury, and on April 8, 1924, filed a claim for compensation. The parties agreed that the evidence previously heard by the single member might be considered as the record of the evidence upon the claim filed by the administrator. The single member found that the employee's hand was rendered permanently incapable of use as a result of the injury of January 18, 1923; and that his legal representative was entitled to additional compensation at the rate of $10 per week from January 18, 1923, to July 29, 1923, amounting to $274.29. The insurer filed a claim for review, and the Industrial Accident Board affirmed and adopted the findings and decision of the single member. A decree was entered ordering the payment of the amount above stated to the legal representative. The controlling question in this case is, whether compensation for specified injuries under G. L. c. 152, § 36, may be awarded upon a claim filed by the administrator of the estate of the deceased employee.

The provisions of this section are for the "personal relief of the injured employee, his dependents being provided for by the compensation to be made for his death." *Burns's Case*, 218 Mass. 8, 13. In the case cited compensation for specific injuries to the date of the death of the injured employee was ordered to be paid to his executrix. The record in that case does not disclose whether application for such compensation was made by the deceased employee and the question, whether compensation for specific injuries could be awarded upon a claim made by his personal representative, was not considered. It is therein stated that "the right to an order for the future payment of special compensation ceases with the death of the person injured. It is a right peculiar to himself, not created for . . . his dependents."

The only provision in the statute for a payment of compensation to a legal representative is for that payable in case of death, and such representative is required to pay the money received to the "persons entitled thereto under this chapter." G. L. c. 152, § 39. There is nothing in the act which suggests that an unasserted claim for compensation for specific injuries under G. L. c. 152, § 36(e), is a vested right in the employee which passes to his personal representative. No provision is made for the filing of a claim for or the distribution of such compensation after the employee's death. It follows that there can be no award of such compensation upon a claim therefor made for the first time after the death of the employee.

*Decree reversed and decree to be entered*
*in favor of the insurer.*