HOWARD C. HENDERSON'S (dependent's) CASE.

Suffolk.   December 8, 1955. — February 1, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Workmen's Compensation Act*, Specific compensation.   *Words*, "*Entitle.*"

The widow of an employee who, while engaged in his employment, received injuries resulting in his dying four days later without regaining consciousness, including an injury to his eye which would have brought about its enucleation and entitled him to specific compensation under § 36 (d) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as appearing in St. 1949, c. 519, had he survived, was properly awarded the amount of such compensation in a lump sum under § 36A, as appearing in St. 1951, c. 494, although she was receiving compensation for his death under §§ 31, 32, as amended, and no claim for specific compensation had been filed before his death.

---

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Rome*, J.

*John J. Brady*, for the insurer.

*Robert S. Marsh*, for the claimant.

WILKINS, J.    Elizabeth P. Henderson, the widow of Howard C. Henderson, claims specific compensation for the enucleation of his right eye. G. L. (Ter. Ed.) c. 152, § 36 (d), as appearing in St. 1949, c. 519;  § 36A, as appearing in St. 1951, c. 494.    The single member found against the widow, but the reviewing board made an award.    From a decree of the Superior Court ordering payment to her of $4,000 in a single sum, the insurer appealed.

The facts were agreed.    On October 15, 1952, the employee, while engaged in his employment for Freeman-Carder Corporation, was struck in the head by a knife which flew from a machine, and on October 19, 1952, died as a result of his injuries without regaining consciousness.    One injury was a rupture of the right eye which would have resulted in its enucleation had he survived, and would have entitled him to payments of $20 weekly for two hundred weeks. G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519.[1]    No claim for compensation was filed in behalf of the employee in his lifetime.    The widow is receiving compensation for death.    G. L. (Ter. Ed.) c. 152, §§ 31, 32, as amended.

Our decision depends upon the construction to be given to G. L. (Ter. Ed.) c. 152, § 36A, as appearing in St. 1951, c. 494, which reads: "In the event that an injured employee who has become entitled to compensation under section thirty-six dies before fully collecting the said compensation, the balance remaining shall become due and payable in a lump sum to his dependents, or if none, to his surviving issue, or if no surviving issue, then to surviving parents, or

---

[1] "In case of the following specified injuries the sum of twenty dollars a week shall be paid, in addition to all other compensation, for the following periods: — . . . (d) For the loss by enucleation or otherwise or the total loss of use of one eye, a period of two hundred weeks. . . ."

if no surviving parents then to surviving brothers and sisters. If there are none of the persons described in the preceding sentence remaining to receive such compensation, then the balance of compensation remaining at the death of the employee shall be paid into the special fund in the custody of the state treasurer . . . ."

In *Burns's Case*, 218 Mass. 8, compensation was allowed for the death of an employee, and specific compensation was awarded for the permanent incapacity of both legs but only for the period between the date of injury and the date of death. In upholding the award, this court said, at page 13, "that the right to an order for the future payment of the special compensation ceases with the death of the person injured. It is a right peculiar to himself, not created for the benefit of his dependents. . . . All of these provisions [for special compensation] seem to have been made for the personal relief of the injured employee, his dependents being provided for by the compensation to be made for his death. The special compensation takes the place of the wages which but for the injury the employee might have earned."

In *Cherbury's Case*, 251 Mass. 397, 398, this court said as to *Burns's Case*: "The record in that case does not disclose whether application for such compensation was made by the deceased employee and the question, whether compensation for specific injuries could be awarded upon a claim made by his personal representative, was not considered." In *Cherbury's Case* the opinion went on to say, at page 399: "The only provision in the statute for a payment of compensation to a legal representative is for that payable in case of death, and such representative is required to pay the money received to the 'persons entitled thereto under this chapter.' G. L. c. 152, § 39. There is nothing in the act which suggests that an unasserted claim for compensation for specific injuries under G. L. c. 152, § 36 (e), is a vested right in the employee which passes to his personal representative. No provision is made for the filing of a claim for or the distribution of such compensation after the employee's death. It follows that there can be no award of

such compensation upon a claim therefor made for the first time after the death of the employee."

The exact issue presently before us is the extent to which the two cases cited, which were decided, respectively, in 1914 and 1925, have been affected by § 36A. It is unfortunate that a statute of such vital importance has not been phrased in unmistakably clear language. Its history is brief. By St. 1947, c. 634, § 3, the following paragraph was added at the end of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1935, c. 333: "In the event of the death of an employee entitled to payments hereunder, his widow or dependents shall be paid the sums which would otherwise have been paid to him; provided, that no person shall receive payments under this paragraph and also under the pertinent provisions of law authorizing payment on account of the injury resulting in such death." By St. 1949, c. 519, this paragraph was taken out of § 36, and § 36A was inserted in its present form from the beginning through the word "dependents," and, highly important in our opinion, the proviso clause was omitted. A change in the part relating to those to receive compensation was made by St. 1950, c. 445. The statute assumed present form by St. 1951, c. 494.

The underlying difficulty is to determine when an injured employee becomes "entitled to compensation" under § 36. The insurer contends that in this Commonwealth there are only two ways by which a legal right or title to compensation may be given to an employee, one by voluntary agreement with the insurer duly filed and approved, and the other by decision of the board. The insurer relies upon *Kareske's Case*, 250 Mass. 220, 224, which, in speaking of the workmen's compensation act, said: "It enforces performance of the obligation which it establishes by a decree of the Superior Court, G. L. c. 152, § 11, and it prescribes the process by which a party can become entitled to a decree. G. L. c. 152, §§ 6-11. It contemplates two courses of procedure by which an enforceable obligation may be established. One, G. L. c. 152, §§ 6, 7, 11, by a voluntary accord between the parties upon the facts of liability, extent of incapacity

and quantum of compensation; the other, G. L. c. 152, §§ 7–10 inclusive, by adversary proceedings in the course of which liability, incapacity and compensation are determined by a tribunal." The *Kareske* case was decided in 1924, long before the enactment of § 36A. In outlining how a party might become entitled to a decree and an enforceable obligation established, the court cannot be said to have been setting a precedent as to how, as intended by § 36A, an employee becomes entitled to compensation under § 36. One meaning of the word "entitle" is to give a claim to. It seems to us that that is the meaning here, and that the reference in § 36A is to the time of the happening of the event upon which the employee bases his claim. Otherwise, the success or failure of those for whose benefit § 36A was enacted might depend upon the duration of negotiations or of the litigation and perhaps upon the interval between the date of injury and the date of the death.

As against this conclusion, the insurer stresses various phrases in § 36A, dies "before fully collecting," "balance remaining," "the balance of compensation remaining at the death of the employee." The argument is not without force that § 36A contemplates that some payment be made to the employee in his lifetime. Manifestly, the quoted phrases are far from apt and should be clarified. We think, however, that a reasonable and intelligent purpose to § 36A must be given by interpreting "dies before fully collecting" as meaning "dies before collecting all of," and "balance remaining" and "balance of compensation remaining" as meaning "any unpaid amount." In so doing we also give effect to the omission in § 36A of the proviso clause prohibiting receipt both of payments under § 36 and of payment on account of the injury resulting in death. See *Carr* v. *Burke, ante,* 365.

The insurer anticipates that the conclusion we have felt constrained to reach will lead to results the Legislature hardly could have intended and to awards for a group of miscellaneous injuries resulting in death which might reach a total as high as $32,000 for specific compensation. As to

this suggestion, we need only say that our opinion is confined to the exact question before us. If our interpretation of § 36A as applied to § 36 (d) be one unintended by the Legislature, a corrective amendment may be enacted.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372, shall be allowed by the single justice.

*Decree affirmed.*