JOHN BOSENQUET's (dependent's) CASE.

Suffolk.    November 10, 1967. — December 4, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Specific compensation, Deceased employee.

Where it appeared in a workmen's compensation case that the employee, in an accident arising out of and in the course of his employment, suffered serious injuries entitling him to specific compensation under G. L. c. 152, § 36, and that he died the next day after the accident, a decree ordering payment of such compensation to the employee's parent under § 36A was proper.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The insurer appealed from a decree entered by *McLaughlin*, J.

*Robert L. Athas*, for the insurer, submitted a brief.

*John B. Brennan* for the claimant.

WHITTEMORE, J.    There was no error in the award to the parent-claimant under G. L. c. 152, § 36A, for unpaid compensation due the deceased employee.   The evidence supported the finding that the employee had been seriously injured on December 10, 1962, in an automobile accident arising out of and in the course of his employment and had died on the evening of the following day without having regained consciousness.   There was expert medical testimony that, had the employee survived, he would have been a spastic quadriplegic and would have had spastic bladder and bowels with "only . . . reflex actions, without any control on the part of the patient."

While the physician, on whose testimony the finding was based, was uncertain as to other possible loss of function, he was firm in his testimony as to the certainty of the impairment for which award was made.   The statute (G. L. c. 152, § 36A) provides: "In the event that an injured employee who has become entitled to compensation under section thirty-six dies before fully collecting the said compensation, the balance remaining shall become due and payable in a lump sum to his dependents, or if none, to his surviving issue, or if no surviving issue, then to [his] surviving parents."   The injury and its effect being established, the deceased employee became entitled to compensation at the time of the injury and the statute became operative upon his death.   *Henderson's Case*, 333 Mass. 491, 495–496.

The final decree is affirmed.   The single justice shall make the appropriate award of costs and expenses under the statute.

*So ordered.*