DOUGLAS TAYLOR's (dependent's) CASE.  April 3, 1969.  On June 18, 1962, the employee, seventy-two years old, fell twenty feet to the ground from a rigging and suffered multiple injuries from which he died the next day.  Under G. L. c. 152, § 36A, the claimant widow sought specific compensation afforded by § 36 for loss of function of right upper extremity, right lower extremity, left lower extremity and for disfigurement of right shoulder and right leg. She appeals from a final decree which adjudged that the employee would have had a 15% loss of function of his right shoulder had he lived, a 25% loss of function of his right lower extremity after reduction of the fracture of the os calcis, no loss of function from the fracture of the pelvis and that "the claim as to any other losses of function under section 36 is denied and dismissed." The decree was purportedly based on the decision of the reviewing board which entirely supersedes the decision of the single member, is final, and must be upheld if supported by the evidence and free from error of law even though the board could have found otherwise.  *Brigham's Case,* 348 Mass. 140, 141. The decree does not dispose of the claim for disfigurement which the board expressly found was not proved.  It does, however, appear to dismiss, as unproved, loss of other specific functions which were not in issue before the board.  See *Henderson's Case,* 333 Mass. 491; *Bosenquet's Case,* 353 Mass. 364, 365.  The "claim as to" a loss of function, not placed in issue, is not extinguished, although proof hereafter may be difficult.  The decree is to be modified by striking out the clause quoted above and substituting therefor the words, "the claim for disfigurement is dismissed."  As so modified, the decree is affirmed.  Costs are to be determined by the single justice.

*So ordered.*

*John W. Costello* (*Richard C. Sheppard* with him) for the claimant.
*Norman P. Beane, Jr.,* for the self-insurer.


S. HAROLD STEIN & another *vs.* RUTH FRANCES DORNIG & another.  April 9, 1969.  The petitioners seek to establish their title to certain bonds and cash formerly on deposit in two Florida banks and appeal from the denial and dismissal of their petition by a probate judge.  The evidence is reported but the judge made no findings of fact.  We thus have the duty to examine the evidence and decide the case, reaching our own conclusions.  The decree dismissing the petition "imports a finding of every fact essential to support . . . [the judge's] conclusion."  *Berry* v. *Kyes,* 304 Mass. 56, 57.  *Durfee* v. *Durfee,* 293 Mass. 472, 478.  The findings of the judge necessarily implied from the entry of the decree will not be reversed unless they are plainly wrong. *Levanosky* v. *Levanosky,* 311 Mass. 638, 639.  The petition alleges that the bonds and cash were given to the petitioners by an elderly woman now deceased in exchange for their undertaking her general care and maintenance. The judge heard conflicting evidence on this claim.  He was in a much better position than we to assess the validity of all the evidence he heard.  He apparently accorded no weight to that which came from the petitioners and their witnesses and believed contrary evidence presented by the respondents. Our review of the evidence does not indicate that he was plainly wrong.

*Decree affirmed.*

*Daniel S. Fram* for the petitioners.
*Louis Feinstein* for the respondents.