Merrimack
No. 2007-330

VECTOR MARKETING CORPORATION

v.

NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION

Argued: November 13, 2007
Opinion Issued: March 7, 2008

*McLane, Graf, Raulerson & Middleton, P.A.* of Manchester (*Wilbur A. Glahn, III* and *Beth L. Fowler* on the brief, and *Mr. Glahn* orally), for the petitioner.

*Kelly A. Ayotte*, attorney general (*Anne M. Edwards* associate attorney general, on the memorandum of law and orally), and *John F. Hayes*, revenue counsel, on the memorandum of law, for the respondent.

DALIANIS, J. The petitioner, Vector Marketing Corporation, appeals an order of the Superior Court (*Lynn*, C.J.) granting summary judgment to the respondent, the New Hampshire Department of Revenue Administration (DRA). We affirm.

*I. Procedural Background*

The following facts are undisputed. The petitioner, a Pennsylvania corporation with its principal place of business in New York, sells Cutco cutlery in New Hampshire and other states. The petitioner hires "district managers," who solicit sales face-to-face with potential customers and recruit and train sales representatives to do the same. The petitioner's relationship with its district managers and sales representatives is its only activity within the state. The petitioner owns no property and has no fixed retail locations in New Hampshire. Sales are not completed in New Hampshire; instead, customer orders are sent to the petitioner's administrative offices in New York to be reviewed and approved. Further, all product shipments are made from the New York location.

District managers and sales representatives are prohibited from representing themselves as employees of Vector and may not use the names "Vector Marketing Corporation" or "Cutco Cutlery Corporation" on business cards, stationery, advertisements, or telephone and internet listings. The petitioner's employment contract with its district managers specifies that they are to be treated as independent contractors, and not as employees, for federal, state and local tax purposes. Further, district managers are paid only by commission.

The Internal Revenue Service (IRS) audited the petitioner during the 1989 and 1990 tax years. It ruled that the petitioner's district managers are "direct sellers," and, thus, independent contractors, for federal income tax purposes. *See* 26 U.S.C. § 3508 (2000) (Section 3508). Under Section 3508, to be considered an independent contractor for federal income tax purposes, one is not required to work for multiple employers.

In 2003, the DRA inquired into the petitioner's activities in New Hampshire. Following an administrative hearing, the DRA determined that the petitioner is subject to the New Hampshire business profits tax (BPT) for the years 1994 through 2002 because its district managers are employees, and not independent contractors. *See* N.H. ADMIN. RULES, Rev 301.17 (1998) (amended 2006) (Rule 301.17). In contrast to Section 3508, which applies only to federal taxation, Rule 301.17(b) provides that, to be an independent contractor for state taxation purposes, an individual must work for multiple business organizations. Because the petitioner's district managers do not work for multiple business organizations, the DRA ruled that they are not independent contractors.

The petitioner appealed to the superior court, arguing that the DRA misinterpreted Rule 301.17 when it ruled that its district managers are not independent contractors. The petitioner asserted that because the IRS had already granted its district managers independent contractor status, the

district managers were independent contractors under Rule 301.17(d). The petitioner contended that to qualify as an independent contractor, an individual could meet either subparts (a), (b) and (c) of Rule 301.17, or meet subpart (d) of the rule. Because the petitioner's district managers met subpart (d) of the rule, the petitioner argued that it was immaterial that they could not meet subpart (b). Both parties sought summary judgment on this issue. The trial court granted the DRA's motion for summary judgment and denied the petitioner's cross-motion. This appeal followed.

## II. Standard of Review

We will affirm a trial court's grant of summary judgment if, considering the evidence and all inferences properly drawn therefrom in the light most favorable to the non-moving party, our review of that evidence discloses no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *N.H. Dep't of Envtl. Servs. v. Marino*, 155 N.H. 709, 712-13 (2007). We review the trial court's interpretation of administrative rules *de novo. State v. Elementis Chem.*, 152 N.H. 794, 803 (2005).

## III. Issue on Appeal

The sole issue on appeal is whether the petitioner's district managers are independent contractors under Rule 301.17. If they are independent contractors, and not employees, then the petitioner is exempt from the BPT and was entitled to summary judgment. *See* RSA ch. 77-A (2003); *see also* N.H. ADMIN. RULES, Rev 304.01 (1998) (amended 2006).

We use the same principles of construction in interpreting administrative rules as we use with statutes. *See Appeal of N.H. Dep't of Transportation*, 152 N.H. 565, 574 (2005). When interpreting agency rules, where possible, we ascribe the plain and ordinary meanings to the words used. *Petition of Chase Home for Children*, 155 N.H. 528, 532 (2007). We also construe rules in their entirety, rather than in segments. *Id.* Further, "[t]he [administrative] intent of the issuing authority is important where that intent can be ascertained." 3 C. KOCH, ADMINISTRATIVE LAW AND PRACTICE § 11.26, at 136 (2d ed. 1997). While an agency's interpretation of its regulations is to be accorded deference, our deference is not total, *Dep't of Transportation*, 152 N.H. at 574, because "[w]e still must examine the agency's interpretation to determine if it is consistent with the language of the regulation and with the purpose which the regulation is intended to serve." *Appeal of City of Manchester*, 149 N.H. 283, 286 (2003) (quotation omitted).

Where language is ambiguous or where more than one reasonable interpretation exists, we must look beyond the rule itself to determine its meaning. *See In the Matter of Baker & Winker*, 154 N.H. 186, 187 (2006). In such cases, we will consider regulatory history to determine administrative intent. *See Pennelli v. Town of Pelham*, 148 N.H. 365, 368 (2002); KOCH, *supra* § 11.26, at 136 (in interpreting administrative rules, court may look to regulatory history and canons of statutory construction).

*IV. Rule 301.17*

The 1998 version of Rule 301.17 defines an independent contractor as one who:

(a) Exercises an independent employment;

(b) Contracts to do work for multiple business organizations according to his own judgments and methods and without being subject to any employer except as to the results of the work; *and*

(c) Has the right to employ and direct the action of other workmen independently of such employer and freed from any superior authority to say how the specified work shall be done; *or*

(d) Has been granted independent contractor status by the Internal Revenue Service for federal income tax purposes.

N.H. ADMIN. RULES, Rev 301.17 (emphasis added). Although a prior version of Rule 301.17 was in effect from 1994 to 1998, we assume, without deciding, that the 1998 version applies, as it is the only version the parties address.

The petitioner argues that a district manager may qualify as an independent contractor either by meeting subparts (a), (b) and (c) *or* by meeting subpart (d). Thus, if we adopt the petitioner's interpretation, its district managers are independent contractors because they have been granted independent contractor status by the IRS for federal income tax purposes.

The DRA, on the other hand, interprets Rule 301.17 to require an independent contractor to meet subparts (a) and (b) and *either* (c) *or* (d). The petitioner concedes that its district managers "did not work for more than one principal and, thus, if required to do so, could not satisfy the requirements for Subpart (b) of the Regulation." Accordingly, under the DRA's interpretation, the petitioner's district managers are not independent contractors.

We find that both interpretations of Rule 301.17 are reasonable. It is unclear from the plain language of Rule 301.17 whether subpart (d) is an

alternative *test* to subparts (a), (b) and (c) or merely an alternative *requirement* to subpart (c). Accordingly, we look to other sources to determine the rule's intended meaning. *See In the Matter of Baker & Winkler*, 154 N.H. at 187. We believe that state rules governing the BPT and the subsequent history of Rule 301.17 demonstrate that the DRA's interpretation is correct.

Other rules governing the BPT indicate that the DRA's overall intent is to tax business activity consistently with 15 U.S.C. § 381 (2001) (Section 381). Section 381 prohibits states from imposing state taxes on the sales or solicitation of orders for sales by "independent contractors." For the purposes of Section 381, to qualify as an independent contractor, an individual, in addition to meeting other requirements, must work for more than one principal. 15 U.S.C. § 381(d)(1). While Rule 301.17 does not directly reference Section 381, other regulations within the same regulatory scheme do reference it and suggest that the DRA's overall intent is to tax business activity consistently with Section 381.

For instance, New Hampshire Code of Administrative Rules, Rev 304.01(d) states that "[a] business organization shall determine its immunity under [Section 381] by comparing its activities within this state to the . . . [a]ctivities which exceed the protection of [Section 381] when conducted in New Hampshire." N.H. ADMIN. RULES, Rev 304.01(d) (1998) (amended 2006). This rule tells employers that Section 381 is the guidepost by which they may determine whether they are subject to the BPT. If their workers are independent contractors under Section 381, that statute curtails New Hampshire's power to tax them and they are not subject to the BPT. However, if Section 381 does not immunize them from state taxation, then the DRA will, according to Rule 304.01, subject them to the BPT.

The subsequent history of Rule 301.17 also suggests that the DRA intended this rule to be consistent with Section 381. We may consider subsequent history of the rule in determining the intent of the former rule, though it is not controlling. *See Franklin v. Town of Newport*, 151 N.H. 508, 512 (2004).

In 2006, Rule 301.17 was amended to read as follows:

"Independent contractor" means a person who:

(a) Exercises an independent employment;

(b) Contracts to do work for multiple business organizations that are not related parties;

(c) Holds himself or herself out to the public as an independent contractor in the regular course of business; *and*

(d) Meets one of the following criteria:

(1) Has been granted independent contractor status by the Internal Revenue Service for federal income tax purposes; *or*

(2) Works according to his or her own judgment and methods, without being subject to any employer except as to the results of the work, and, has the right to employ and direct the action of other workers independently of such employer and freed from any superior authority to say how the specified work will be done.

N.H. ADMIN. RULES, Rev 301.17 (2006) (emphasis added). As amended, Rule 301.17 now clearly states that working for multiple business organizations is a necessary requirement for independent contractor status. Additionally, the current version of the rule resolves the ambiguity in its predecessor by placing what are substantively former subparts (c) and (d) in an either-or relationship, illustrating that subpart (d) was not intended to be an alternative test, but merely an alternative requirement to subpart (c).

Comments made by the DRA's counsel at the public hearing held before this amendment was adopted demonstrate that the purpose of the amendment was to *clarify* Rule 301.17, rather than change its meaning, and that the overall purpose of the rule was to permit the State to tax consistently with Section 381. At that hearing, the following exchange occurred between the DRA's counsel (Hayes) and a member of the public (Law), who were discussing the amendment to Rule 301.17:

LAW: That segues into my next comment, 301.17, definition of an independent contractor. I'm most interested in what the intent is, and where this is going, because the way I read these changes, it seems to me that from the language the way it is written now, the proposed, as opposed to how I read the language currently, if someone is an independent contractor for IRS purposes. I had always been under the understanding therefore they would be an independent contractor for NH for tax purposes. And I got here from this that means a person who (a)(b)(c) or (d) and d was, has been granted independent contractor status from the IRS. My concern is that you may have been granted independent contractor for IRS purposes, you might not be an independent contractor for BPT purposes. If that's the case, I think that it is the sort of thing that sets us up for a lot of confusion and

difficulty in applying the state vs. the federal law to the same individual.

HAYES: I guess my question for you, what context are you talking about? For independent contractor?

LAW: Uh, what do you mean context? I'm just looking at this definition. I guess I mean what context is there? Certainly [Section 381] is one.

HAYES: And that is the *main thrust of the change here*. The problem with old rule 301.17 is that it contained both an "and" and an "or" within the definition and there was litigation involving the interpretation based on that.

LAW: . . . But it is true that under this definition as written, there are "ands" and "ors" again, but they are segregated a little. It says a person exercises independent employment, regularly contracts . . . to do work for multiple business organizations that are not related parties. I have some general concerns about, again what the intent is here, whether something is really changing. Holds him or herself out to the public as an independent contractor in the regular course of business . . . and meets one of the following criteria and the second of that following criteria has been granted, first, I guess now has been granted independent contractor status by the IRS. So again, I read that as saying, if you granted independent contractors for IRS purposes, but if you don't meet the first, I guess other three criteria, you wouldn't be an independent contractor.

HAYES: That's correct.

LAW: . . . If I could ask the question this way[], how is this being changed? I guess I understand from you somewhat the "and" and the "ors" trying to clarify, but when you are putting in "regular," and "regularly" and "not unrelated parties," what is really being addressed here and what is the changes, we should or should not be thinking we need to be concerned with.

HAYES: Well really it is [Section 381] and working for multiple parties [Section 381], the fact that they are a requirement to not be related is simply recognition that you could have, that you could have a salesman that works for Acme Inc and their subsidiary, for both of them and that wouldn't qualify as an

independent contractor because they are really working for one company.

LAW: But again, if they were classified as an independent contractor for federal tax purposes, then we have to turn around and worry about it for these purposes.

HAYES: *Yes, you do because [Section 381] doesn't rely on the determination of independent contractors.* It's really a different definition.

LAW: Well the facts and circumstances of the IRS have (inaudible)

HAYES: Yes. Because *it requires multiple representative work for multiple parties* whereas independent contractor definition doesn't necessarily as long as it's independent.

LAW: Does it also require the way they hold themselves out to the public as an independent contractor?

HAYES: It does. I believe that is part of [Section 381] is holding themselves out.

. . . .

LAW: To me, if you were . . . parroting [Section 381] . . . I'm sure you are trying to coordinate it the best you can, but the concern I have is not only certainly should it be coordinated with that public law but, from the average practitioner's standpoint, the confusion that comes up from knowing that someone is an independent contractor for IRS purposes and now that none of it really matters other than one of 4 factors is difficult. Definition of [an independent] contractor is difficult enough for federal purposes, as based on whatever is and however many factors, and I just think that risk of further complicating it is not helpful at all. As far as for practitioners, as we are obviously really dealing with it the taxpayers don't . . . understand this stuff. OK, but you did confirm that IRS does itself is not sufficient, and, I guess, to the extent that is true under [Section 381], it makes sense, but, I would just ask that that be confirmed. That is really coordinated to [Section 381] because people's reactions are more determined to push something else. Focus on something else which were not aware of. . . . This, I guess also relates to the same thing, is the new definition of representative? I take it that's [a Section 381] issue as well?

HAYES: Yes. It is for coordinating the term. [Section 381] uses the term representative rather than (inaudible) and [it's] really coordinating the language for [Section 381].

. . . .

LAW: Ok, so the multiple parties that's the [Section 381] that the biggest distinction between that and the IRS definition is what you are saying as far as the focus.

HAYES: I guess the focus is generally [Section 381] is generally going to be the sales people.

LAW: Right. Yeah, ok. As soon as I asked the question, the answer is someone who is an independent contractor for IRS purposes doesn't meet this new definition of 301.17 would be that's person because they are not an employee. I'm not saying they are not an employee, they just don't meet this definition of an employee.

HAYES: That's correct.

Transcript of Business Profits Tax Hearing, available at N.H. Supreme Court, App. to Resp's Memorandum of Law at 4-5, Doc. No. 2007-330 (emphasis added).

This exchange reveals two important points relevant to this case: first, that the subsequent amendment was meant to clarify, not alter, the substantive effect of the rule, and, second, that the DRA intended to *require*, like Section 381, that an independent contractor work for multiple employers. *See* 122 N.H. GOV'T REG. 148 (July 2006) (stating that the DRA's purpose in amending the BPT regulations was to "clarify [the rules] into a more concise document"). More broadly, it indicates that the DRA intended to make Rule 301.17 consistent with Section 381. We acknowledge that Attorney Law interpreted the amended rule as a change to the 1998 rule; however, the responses of DRA's counsel indicate that the DRA intended to clarify Rule 301.17 because it had been interpreted in multiple ways.

■ Accordingly, because the DRA's interpretation of Rule 301.17 is consistent with Section 381 and the subsequent regulatory history, we give deference to its reasonable interpretation of its own rule, and hold that an independent contractor under the 1998 version of Rule 301.17 must meet subparts (a), (b) and *either* (c) or (d).

The petitioner correctly points out that neither the prior nor the current version of the regulation precisely mirrors Section 381. However, the

regulation does not have to mirror the federal law precisely to be guided by it. The regulatory history demonstrates that the DRA intended subpart (b) to be a necessary requirement under the rule because that factor exists in Section 381's definition of an independent contractor.

The petitioner also argues that we must construe any ambiguity in the regulation in its favor. *See Cagan's, Inc. v. Dep't of Rev. Admin.*, 126 N.H. 239, 248 (1985). This rule does not apply where, as here, we are construing a regulation that purports to exempt certain businesses from the BPT. We construe a tax exemption to give full effect to the intent of the regulation. *See In re Estate of Martin*, 125 N.H. 690, 691 (1984), *abrogated on different grounds by Penelli*, 148 N.H. at 365.

*V. Conclusion*

For the foregoing reasons, we hold that the 1998 version of Rule 301.17 requires that independent contractors meet subparts (a) and (b) and *either* subpart (c) or subpart (d) of Rule 301.17.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.