Public Employee Labor Relations Board
No. 2009-635

APPEAL OF TOWN OF PITTSFIELD
(New Hampshire Public Employee Labor Relations Board)

Argued: April 8, 2010
Opinion Issued: July 23, 2010

*Flygare, Schwarz & Closson, PLLC,* of Exeter (*Daniel P. Schwarz* and *Thomas J. Flygare* on the brief, and *Mr. Schwarz* orally), for the petitioner.

*Krasner Law Offices,* of Farmington (*Emmanuel Krasner,* on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, Town of Pittsfield (Town), appeals an order of the New Hampshire Public Employee Labor Relations Board (PELRB) finding that the Town committed unfair labor practices in its treatment of a town employee, James Girard, in violation of RSA 273-A:5, I(h) (1999). Because we find that Girard's dispute was not properly before the PELRB, we vacate the order.

The following facts appear in the administrative record. The Town and some of its employees, represented by AFT-NH, Local #6214, AFT, AFL-CIO (Union), are parties to a collective bargaining agreement. The agreement is in effect from January 1, 2008, to December 31, 2010, and governs sick leave, vacation leave, and the use of unpaid leave under the federal Family Medical Leave Act (FMLA). On July 22, 2008, the Town Board of Selectmen issued a memorandum clarifying the application of FMLA leave. The memorandum stated that employees who sought FMLA leave would first have to exhaust their paid vacation leave and then accumulated sick leave before taking unpaid leave.

The Union, on behalf of Richard Walter, a Town employee, filed a grievance with the Town, alleging that the new policy violated the collective bargaining agreement because it was a unilateral change in the terms and conditions of employment. The Town Board of Selectmen denied his grievance on August 13, 2008. Under the terms of the collective bargaining agreement, if the Union wishes to contest the Town Board of Selectmen's denial of an employee's grievance, the Union may "submit the grievance in

writing to the [PELRB] within seven (7) calendar days [of] the receipt of the written decision." Failure to submit the grievance to the PELRB within seven days renders the Board of Selectmen's decision final. On August 21, 2008, the Union, apparently attempting to comply with the collective bargaining agreement, submitted a request to the PELRB asking for the appointment of an arbitrator.

On September 2, 2008, the Union emailed the PELRB, asking it to disregard its request for an arbitrator and to schedule the matter for a hearing pursuant to the collective bargaining agreement's grievance procedure. Counsel for the PELRB replied that the PELRB "cannot institute adjudicatory proceedings on an informal basis," and that in order to initiate proceedings, the Union must file an unfair labor practice complaint with a $60 filing fee pursuant to RSA chapter 273-A.

In the meantime, Girard applied for FMLA leave. The Town approved his request, but required him to exhaust his accrued vacation time before taking unpaid FMLA leave. Girard filed a grievance with the Town Board of Selectmen, which they denied on September 2, 2008. Although the collective bargaining agreement required the Union to submit the grievance to the PELRB if it was dissatisfied with the Town's decision, it did not do so.

On October 29, 2008, the Union filed an unfair labor practice complaint with the PELRB, arguing that the Town, in its July 22 memorandum, changed an existing practice governing working conditions. The complaint, signed by Walter, referenced only Walter's grievance. In it, the Union stated that it had "submitted the grievance within seven days to the [PELRB] characterized as an appeal and request for arbitration," but that the PELRB had rejected it because "it did not have authority to act other than on an unfair labor practice complaint." The Union stated that it was now submitting "the same complaint as an unfair labor practice complaint."

The Town answered the complaint as if it pertained to Walter's grievance, denying that it had committed an unfair labor practice and requesting that the complaint be dismissed as untimely. The PELRB held an evidentiary hearing in March 2009. Although the parties stipulated that the dispute before the PELRB involved Girard's use of sick and vacation leave, the Union neither submitted his grievance to the PELRB, nor filed an unfair labor practice complaint on his behalf. The Town argued that, as a result, the Board of Selectmen's decision regarding Girard's leave was final. On April 7, 2009, the PELRB issued its decision, finding that it had jurisdiction over Girard's grievance because "the issue in dispute is the same as was the basis for the earlier attempt to file a grievance with the PELRB."

On appeal, the Town first argues that the PELRB lacked jurisdiction over Girard's grievance because the Union never submitted it to the

PELRB. Because we agree that the PELRB did not have jurisdiction over Girard's grievance, we do not reach the Town's other arguments.

When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable. *Appeal of State Employees' Assoc. of N.H.*, 158 N.H. 258, 260 (2009); *see* RSA 541:13 (2007).

Resolution of this dispute requires that we interpret various provisions of RSA chapter 273-A and the administrative rules governing the PELRB. When construing a statute, we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used. *Appeal of Garrison Place Real Estate Inv. Trust*, 159 N.H. 539, 542 (2009). We apply the same principles of construction in interpreting administrative rules. *Vector Mktg. Corp. v. N.H. Dep't of Revenue Admin.*, 156 N.H. 781, 783 (2008). When a statute's language is plain and unambiguous, we need not look beyond it for further indications of legislative intent. *Appeal of Garrison Place*, 159 N.H. at 542.

The PELRB has primary jurisdiction over all unfair labor practice complaints. *See* RSA 273-A:5, :6, I. To initiate proceedings with the PELRB, the parties must file an unfair labor practice complaint by affidavit and pay a $60 filing fee. *See* N.H. ADMIN. RULES, Pub. 102.01(c), 201.17; RSA 273-A:6, II. The complaint, and the accompanying affidavit, must set out "[a] clear and concise statement of the facts giving rise to the complaint . . . and the names of all persons involved." N.H. ADMIN. RULES, Pub. 201.02(b)(4).

Under the plain language of the statute and administrative rules, the PELRB cannot exercise its jurisdiction until an unfair labor practice complaint is filed. Here, the complaint filed on October 29 was filed on behalf of Walter, not Girard. The complaint was signed by Walter, referenced the procedural history of his grievance, and stated that it was the "same complaint" that the Union initially filed on his behalf in August. In addition, the Union president testified that the Union had not filed a complaint on Girard's behalf. Because the Union never filed an unfair labor practice complaint with the PELRB on Girard's behalf, the PELRB did not have jurisdiction to decide his grievance. Accordingly, we vacate the PELRB's decision as it relates to Girard.

*Vacated.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.