Hillsborough
No. 7659

PATRICIA COUTURE

v.

MAMMOTH GROCERIES, INC. & a.

March 31, 1977

*James A. Connor,* of Manchester, by brief and orally, for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Mr. Shane Devine* orally) for defendant Mammoth Groceries, Inc.

DOUGLAS, J. This case determines whether an award of counsel fees pursuant to RSA 281:37-a (Supp. 1975) was "reasonable"

as to amount. We hold that it was. This appeal arises from a motion by plaintiff seeking counsel fees, pursuant to RSA 281:37-a (Supp. 1975), that were incurred in a workmen's compensation claim in which plaintiff prevailed in both the superior court and upon a subsequent appeal to this court. *See Couture v. Mammoth Groceries, Inc.*, 116 N.H. 181, 355 A.2d 421 (1976).

Following a hearing, the superior court awarded plaintiff counsel fees of one-third of any "benefits received to date as well as for any future benefits." Defendant seasonably excepted and the Trial Court (*Flynn*, J.) reserved and transferred the question of whether the award was "reasonable."

While the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser, Doleac, *Court Awarded Attorneys Fees Under New Hampshire Common Law*, 17 N.H.B.J. 134 (1976), many recent legislative enactments have provided for such awards. The legislative authorizations for the granting of attorney's fees usually are based upon an intent to permit private parties to enforce a law as "private attorneys general" and the realization that in many nonclass action cases the verdict or damages often may be offset or even exceeded by the successful plaintiff's attorney fees. The private attorney general rationale was also enunciated in a recent First Circuit case wherein fees were imposed on the government. The court noted that the purpose is "to allocate the costs of litigation equitably, to encourage the achievement of statutory goals." *Natural Resources Defense Council v. EPA*, 484 F.2d 1331, 1338 (1st Cir. 1973). *See also Bradbury v. Shaw*, 116 N.H. 388, 391, 360 A.2d 123, 126 (1976).

The statutory grant of attorney's fees under New Hampshire's workmen's compensation law is defined in RSA 281:37-a (Supp. 1975), which reads in part: "In any dispute over the amount of benefits payable under this chapter which is appealed to the superior or supreme courts, the employee, if he prevails, shall be entitled to reasonable counsel fees as approved by the court. . . ." Defendant asserts that a fee of one-third is in excess of a reasonable fee as outlined in the statute, that it is error to base a fee award upon future installments, *Pennell v. United Ins. Co.*, 150 Tex. 541, 243 S.W.2d 572 (1951), and that a contingent fee can only be considered as evidence of the employment of counsel. *Wolf v. Mutual Benefit Health and Accident Ass'n*, 188 Kan. 694, 366 P.2d 219 (1961).

■ In this state, contingent fees are not per se unreasonable, for "the mere fact that an attorney's fees are to be contingent upon his success and are to constitute a share of the proceeds recovered can scarcely be said to offend the public conscience." *Markarian v. Bartis*, 89 N.H. 370, 374, 199 A. 573, 576 (1938). While contingent fees in criminal cases are against "public policy," in civil cases "they have long been commonly accepted in the United States in proceedings to enforce claims." ABA, Code of Professional Responsibility, Ethical Consideration 2-20 (1976). *See also* F. MacKinnon, *Contingent Fees for Legal Services* (American Bar Foundation, 1964). This is not to say, however, that in all civil cases a contingent fee is per se reasonable.

■ The Code of Professional Responsibility governing the conduct of attorneys in New Hampshire, *see Mussman's Case*, 111 N.H. 402, 403, 286 A.2d 614, 615 (1971), sets forth in Disciplinary Rule 2-106(B) eight factors as guides in determining reasonableness of fees. Relevant factors in the determination of reasonable fees include the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients. *See* Disciplinary Rule 2-106(B) and Ethical Consideration 2-18.

■ In the case at hand the underlying claim, which involved a substantial amount of money, dealt with the question of whether a heart attack was work-related. Trial and appellate review resulted in a favorable decision for the estate. *Couture v. Mammoth Groceries, Inc.*, 116 N.H. 181, 355 A.2d 421 (1976). The court takes judicial notice that the plaintiff's counsel is able and experienced and that a one-third fee is not unusual in civil actions of this nature.

■ Disciplinary Rule 2-106(B) sets forth the applicable test or standard to be applied in this state: "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."

■ On the record before us and in view of the standard and factors set forth herein, we cannot say that the trial court's ruling granting plaintiff's motion for attorney fees was erroneous in this

case. This is not to say, however, that in all workmen's compensation cases a one-third or one-quarter contingent fee is reasonable.

*Exception overruled.*

All concurred.