Hillsborough
No. 79-243

FREEMAN CORSON

v.

BROWN PRODUCTS, INC.

October 2, 1980

*Kahn, Brown & Bruno,* of Nashua (*Kenneth M. Brown* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*James S. Yakovakis* orally), for the defendant.

BROCK, J. This workmen's compensation case presents three issues. First, does RSA 281:37-a require that an employee who prevails upon appeal to the superior or supreme courts be awarded attorney's fees for the recovery of medical benefits under RSA 281:21 when reasonable counsel fees have already been awarded to him for his successful suit on causation. Second, whether attorney's fees awarded in connection with the recovery of a scheduled impairment award, RSA 281:26, are payable in one lump sum. Third, are the benefits awarded under RSA 281:26 (Scheduled Permanent Impairment Award) payable in one lump sum to plaintiff's dependents upon the death of the plaintiff. *See* RSA 281:26 V (Supp. 1975).

In January, 1979, this court ruled that the plaintiff was entitled to a permanent impairment award under RSA 281:26 (Supp. 1975). *See Corson v. Brown Prods., Inc.,* 119 N.H. 20, 23–24, 397 A.2d 640, 642–43 (1979). We remanded the case to the superior court for a determination of whether additional counsel fees should be awarded in connection with the recovery of medical benefits under RSA 281:21 and reasonable attorney's fees for the recovery of RSA 281:26 benefits. Prior to the hearing in the superior court, plaintiff's attorney filed a motion requesting that the scheduled permanent impairment award be paid to the plaintiff's dependents in one lump sum because the plaintiff had since died.

Following the hearing, the Trial Court (*King,* J.) determined that counsel fees in the amount of one-quarter (25%) of the scheduled impairment benefits awarded by this court were reasonable, but denied additional fees for recovery of medical benefits. Plaintiff's exceptions are now before us.

The plaintiff first argues that the trial court incorrectly denied him additional attorney's fees for recovery of medical benefits under RSA 281:21. He contends that he has never been awarded counsel fees related to the recovery of medical benefits and that he is entitled to them under RSA 281:37-a. We do not agree.

■ When this case was first before us, we observed that "[t]he medical benefits were necessarily part and parcel of the suit for causation. . . ." *Corson v. Brown Prods., Inc.,* 119 N.H. 20, 27, 397 A.2d 640, 644 (1979). At that time, however, the incomplete record compelled us to remand the case to the trial court to consider

whether additional attorney's fees should have been awarded. We now have the benefit of a complete record before us which clearly shows that the trial court considered and applied all the applicable factors set forth in *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977), to the "whole situation" of the case. *See Corson v. Brown Prods., Inc., supra* at 26, 397 A.2d at 644. The trial court specifically found that:

> "[P]laintiff's attorney has already received a substantial sum for his services in earlier stages of this litigation in which it was decided that Mr. Corson's injuries were work-related. Recovery of medical benefits necessarily resulted from this finding, and this court finds that claimant's attorney has already been adequately compensated for his services in this regard."

On the basis of this record, we do not find an abuse of discretion in the court's finding that the attorney has been adequately compensated. In this case the total attorney's fees awarded approximate $70,000. We expressly reject the plaintiff's counsel's suggestion that the contingent fee arrangement which he entered into with his client controls the amount of recoverable attorney's fees. The controlling factors are those set forth in *Couture*, and here the court has made a determination of attorney's fees pursuant to RSA 281:37-a (Supp. 1975). That determination controls and, thereby, the contingent fee agreement does not bind any of the parties.

The plaintiff further argues that the attorney's fees awarded in connection with recovery of the scheduled impairment award should be payable in one lump sum. We agree with this contention. The law applicable to attorney's fees under New Hampshire's workmen's compensation statute is set forth in RSA 281:37-a (Supp. 1975), "[I]n any dispute over the amount of benefits payable under this chapter which is appealed to the superior or supreme courts, the employee, if he prevails, shall be entitled to reasonable counsel fees as approved by the court . . . ."

As the amount of the permanent impairment award is determined and set at the time entitlement to it is established, it is at this point that total attorney's fees incurred are due and owing. *See generally* 3 LARSON WORKMEN'S COMPENSATION LAW § 83.13 (1976). It makes little sense to interpret RSA 281:37-a to force an attorney to receive compensation for services already rendered over what may conceivably amount to an extended and

unreasonable period of time. Such an interpretation would countermand the public policy reasons behind RSA 281:37-a and discourage attorneys from handling workmen's compensation claims. *See Couture v. Mammoth Groceries, Inc. supra.*

Plaintiff next argues that RSA 281:26 V requires the defendant to pay the award to plaintiff's dependents in one lump sum. We agree.

It is well established that the intention of the legislature expressed in the words of the statute provide the touchstone to its meaning. *Corson v. Brown Prods., Inc.,* 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). With regard to a scheduled impairment award, RSA 281:26 V (Supp. 1975) provides that: "[T]he balance of unpaid weekly scheduled award shall, upon the death of the employee, be paid directly to his dependents, or to his legal representative in the absence of dependency. . . ." We note that the Legislature has significantly amended this statute since this action commenced. *See* RSA 281:26 V (Supp. 1979).

In determining whether the defendant is required to pay the award to plaintiff's dependents in one lump sum, it is important to distinguish the purpose of a scheduled permanent disability benefit provided under RSA 281:26 from disability benefits provided under RSA 281:23. While disability benefits under RSA 281:23 are intended to compensate for loss of wages, a scheduled benefit under RSA 281:26 contemplates additional compensation regardless of whether there is a loss of wages. A scheduled impairment award creates a right of compensation separate and independent of rights provided by the disability provisions of the statute.

■ ■ A permanently disabled employee has an independent right to these benefits regardless of wages lost, but on his death, his dependents, or his estate in absence of proof of dependency, are entitled to the balance of his award. Balance refers to the total amount of the unpaid compensation award remaining or due which the claimant would have received in scheduled payments were it not for his death. *See In re Henderson's Case,* 333 Mass. 491, 131 N.E.2d 925 (1955). Such interpretation is consistent with analogous provisions contained in workmen's compensation statutes of other jurisdictions. *See, e.g.,* ME. REV. STAT. ANN. tit. 39 § 56; MASS. GEN. LAWS ANN., ch. 152 § 36A (West).

Accordingly, we order that the defendant shall pay all sums due to the plaintiff's dependents and counsel in one lump sum. The

case is remanded to the trial court for timely proceedings consistent with this decision.

*Remanded.*

KING, J., did not sit; the others concurred.