Cheshire
No. 88-271

CHESHIRE TOYOTA/VOLVO, INC.

v.

MARY J. O'SULLIVAN, EXECUTRIX OF THE ESTATE OF WILLIAM J. O'SULLIVAN, JR.

August 23, 1989

*James S. Yakovakis P.A.*, of Manchester (*James G. Walker* on the brief and orally), for the plaintiff.

*David B. Kaplan* and *Thomas M. Bond*, of Chelsea, Massachusetts, and *Green, McMahon & Heed*, of Keene (*Mr. Kaplan & a.* on the brief, and *Mr. Kaplan* orally), for the defendant.

BROCK, C.J. The defendant, Mary O'Sullivan, executrix of the estate of William J. O'Sullivan, Jr., appeals from an order of the Superior Court (*Morrill,* J.) awarding her attorney's fees for successfully defending, in the superior and supreme courts, a workers' compensation appeal brought by the plaintiff, Cheshire Toyota/Volvo, Inc. The defendant contends that the court improperly applied the law governing fee determinations by disregarding her contingent fee arrangement with counsel and by setting a fee using the factors listed in Rule 1.5(a) of the New Hampshire Rules of Professional Conduct. We affirm.

In May, 1985, the department of labor awarded the defendant workers' compensation benefits arising from the death of her husband in 1984, which was causally related to his employment by the plaintiff. *See generally* RSA ch. 281. The plaintiff appealed the judgment to the superior court, which ruled for the defendant after a trial *de novo*, and to this court, which affirmed the superior court's ruling. *Cheshire Toyota/Volvo, Inc. v. O'Sullivan*, 129 N.H. 698, 531 A.2d 714 (1987). The defendant then filed a motion in the superior court for an award of attorney's fees pursuant to RSA 281:37-a, I.

On December 28, 1987, the superior court issued an order ruling that it had the authority to award attorney's fees only for fees incurred during the appellate process before the superior and supreme courts, not for representation before the department of labor. *See* RSA 281:37-a, I and II. The court also denied the request of the defendant's counsel for a lump sum attorney's fee equal to one-third of the present value of the likely future workers' compensation benefits payable to the decedent's beneficiaries. The defendant asserted that likely future payments could be calculated by predicting the life expectancies of the beneficiaries according to standard mortality tables. The sum of the predicted payments could then be discounted to reflect a present value. The court found that because "the total amount of the workmen's compensation award which the defendant will receive is unknown," calculating the present value of likely future benefits was too speculative. Instead, the court found that "[a] reasonable fee in this case should

be one calculated in accordance with" Rule 1.5(a) and scheduled an evidentiary hearing to assist it in determining such a fee.

On May 27, 1988, after the evidentiary hearing, the court awarded the defendant attorney's fees equal to "25% of the benefits the claimants have received ... to date plus an additional $40,000." Reiterating that "a contingent fee is inapplicable in this case," the court arrived at its determination by examining the Rule 1.5(a) factors: "TIME," "NOVELTY AND DIFFICULTY OF THE CASE," "PRECLUSION OF OTHER EMPLOYMENT," "CUSTOMARY FEE," "AMOUNT INVOLVED AND RESULTS OBTAINED," "TIME LIMITATIONS IMPOSED," "NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP," "EXPERIENCE, REPUTATION AND ABILITY OF [THE ATTORNEY]," and "WHETHER FEE IS FIXED OR CONTINGENT."

The defendant now appeals this award, contending that the superior court erred in finding that her requested method of calculating attorney's fees was too speculative. We hold that the court did not abuse its discretion and uphold its award.

RSA 281:37-a, I, provides that in a dispute over workers' compensation benefits, a claimant who prevails in an appeal to the superior or supreme courts "shall be entitled to reasonable counsel fees as approved by the court." The award reflects only fees incurred on appeal, not those incurred before the department of labor. RSA 281:37-a, I and II; *see Seppala & Aho Const. Co. v. Elton*, 119 N.H. 634, 636–37, 406 A.2d 460, 462 (1979). Courts determine the reasonableness of fees by examining the Rule 1.5(a) factors. *See Corson v. Brown Products, Inc.*, 120 N.H. 665, 667, 421 A.2d 1005, 1007 (1980); *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 296, 371 A.2d 1184, 1186 (1977) (citing then applicable NEW HAMPSHIRE CODE OF PROFESSIONAL RESPONSIBILITY Disciplinary Rule 2-106(B)).

The defendant argues that the trial court's discretion is limited to "approving" a requested award of reasonable counsel fees based on the fee arrangement between the client and his attorney. The defendant contends that the court may determine a fee award on its own only if it finds the arranged fee to be so excessive that "a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." *Id.* (quoting NEW HAMPSHIRE CODE OF PROFESSIONAL RESPONSIBILITY Disciplinary Rule 2-106(B)). Otherwise, the defendant asserts, the court ought to "approve" any reasonable fee request.

 Fee arrangements between an attorney and his client, however, do not dictate the amount of attorney's fees recoverable under RSA 281:37-a, I. *See Corson supra; Seppala & Aho Const. Co., supra* at 636, 406 A.2d at 461–62; *Couture supra.* On the contrary, we have interpreted the statute to allow the court to exercise its discretion in determining a reasonable fee; the statute does not restrict the court's role to that of wielding a rubber stamp. *Corson supra.* As a result, the fee arrangement between an attorney and his client is but one of a number of factors for a court to consider in determining a reasonable fee. N.H. R. PROF. CONDUCT 1.5(a)(8). The defendant's contingent fee arrangement with her attorney did not bind the court. *Corson supra.*

 We will affirm the court's determination of a reasonable fee unless it is lacking in evidentiary support or tainted by error of law. *See Burnham v. Downing,* 125 N.H. 293, 296, 480 A.2d 128, 130 (1984). The court's order of May 27, 1988, reflects its careful consideration of the Rule 1.5(a) factors. The court praised the skill of the defendant's counsel and found that the Rule 1.5(a) factors supported the award of a generous fee. In determining the award, the court specifically took into account "the risk [the defendant's counsel] incurred in accepting this case on a contingency [basis]." Because this award was reasonable, we deny the defendant's appeal.

*Affirmed.*

THAYER, J., did not sit; the others concurred.