Coos
No. 2002-637

RICHARD KNAPP & a.

v.

TENNESSEE GAS PIPELINE CO. & a.

Argued: June 12, 2003
Opinion Issued: August 1, 2003

*Van Dorn & Curtiss, PLLC*, of Orford (*Edward M. Van Dorn, Jr.*, on the brief and orally), for plaintiff Richard Knapp.

*Devine & Nyquist, P.A.*, of Manchester (*Corey Belobrow* on the brief and orally), for the intervenor, Acadia Insurance Company.

DALIANIS, J. The intervenor, Acadia Insurance Company (Acadia), appeals from an order of the Superior Court (*Smith*, J.) approving a settlement between the plaintiffs, Richard and Margaret Knapp, and the defendants. We affirm.

Richard Knapp (Knapp) sustained permanent injuries while at work for which he received workers' compensation benefits from Acadia, his employer's compensation insurance carrier. Knapp filed suit against the defendants to recover damages for his injuries. *See* RSA 281-A:13, I(a) (1999). The suit settled before trial, with $183,000 of the settlement being allocated to Knapp's wife, and the remaining $1,227,000 being allocated to Knapp. At the time of the settlement, Acadia had paid $542,204.33 in workers' compensation benefits to Knapp.

Knapp filed a motion for approval of the settlement of the third party claim. Acadia sought to impose a lien on the settlement for the full amount of benefits already paid to Knapp (pre-settlement lien) and also sought a "holiday" against payment of future compensation benefits for medical expenses as they continue to accrue. "[A] compensation carrier may take a 'holiday' from compensation payments ... so long as the net amount recovered in the liability action ... exceeds the sum of (1) compensation payments made ..., and (2) compensation payments avoided under the 'holiday.'" *Gelinas v. Sterling Indus. Corp.*, 139 N.H. 14, 19 (1994).

While Knapp did not contest Acadia's right to either a lien on the benefits already paid or the holiday, he sought to allocate to Acadia its part of the litigation expenses for both the pre-settlement lien and the holiday under RSA 281-A:13. RSA 281-A:13, IV provides:

> Whenever there is a recovery against a third person under paragraph I, II, or III, ... the superior court ... shall order such division of expenses and costs of action, including attorney's fees, between the employer or the employer's insurance carrier and the employee as justice may require.

Acadia did not object to paying its share of expenses for the pre-settlement lien, but objected to paying expenses for the full holiday in a lump sum at the time of settlement. Acadia argued that it should not have to pay its share of expenses for the holiday until the future workers' compensation benefits were actually due.

■ The trial court ruled that Acadia must pay its share of expenses on not only the $542,204.33 in benefits already paid, but also upon the $684,795.77 holiday from paying future benefits. The trial court applied the rule that expenses associated with a third party settlement are calculated upon the insurance carrier's entire potential benefit — both the pre-settlement lien and the holiday. *See* 6 A. LARSON & L. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 117.02(1)(e) (2001). The trial court further ruled that Acadia's share of expenses be paid in a lump sum to Knapp upon approval of the settlement because "it seems fair that Acadia should pay the legal fees and costs for procuring the legal right to have a holiday against what remains of [Knapp's] third party damage award."

On appeal, Acadia accepts its obligation to pay a share of expenses associated with the holiday but contests the amount and the timing of that payment. Acadia argues that a lump sum payment at the time of settlement is unfairly speculative because an event could occur — such as Knapp's death — that would terminate Acadia's obligation to pay workers' compensation benefits, thereby eliminating its need for the holiday. Thus, Acadia argues that it will have paid expenses for a benefit, the holiday, that it may not fully realize.

"[T]he determination of the lien holder's just share [of legal expenses] is uniquely within the broad discretion of the [trial] court . . . ." *Gelinas*, 139 N.H. at 19. RSA 281-A:13, IV permits the trial court to order the division of expenses "as justice may require." Thus, we will not reverse the trial court's ruling absent an unsustainable exercise of discretion. *McIntire v. Lee*, 149 N.H. 160, 168 (2003). To show an unsustainable exercise of discretion, the defendants must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of their case. *See State v. Lambert*, 147 N.H. 295, 296 (2001).

Acadia advocates a payment scheme similar to that articulated in *Hunter v. Midwest Coast Transport, Inc.*, 511 N.E.2d 615 (Mass. 1987), where the Massachusetts Supreme Judicial Court held:

> The other alternative is to require the insurer to pay a percentage of each claim as it is submitted equal to the ratio the total attorney's fee and costs bear to the total third-party recovery. In that way, the share of the attorney's fee and costs paid by the insurer is proportionate to the benefit it receives.

*Id.* at 618. Acadia argues that this method is superior to that applied by the trial court because it "produces exact proportionate results by having the carrier pay its pro rata share as the holiday benefit is actually enjoyed." Even if we were to agree with Acadia that this method would produce better results than that which the trial court applied, we would

not be compelled to reverse the ruling. Under our standard of review, we will not overturn the trial court's decision simply because we might have reached a different result. *See Citizens of E. Derry Fire Precinct v. Town of Derry*, 148 N.H. 510, 512 (2002).

The trial court ruled that Acadia had to pay for its share of expenses in a lump sum at the time of settlement because it was fair to require Acadia to pay for expenses associated with the benefit it received upon Knapp's settlement of his third party suit. We have recognized that the insurer's ability to take a holiday from future compensation is of economic benefit to the insurer. *See Gelinas*, 139 N.H. at 19. Other jurisdictions have awarded expenses in a lump sum at the time of settlement on similar grounds. *See, e.g., Stone v. Fluid Air Components of Alaska*, 990 P.2d 621, 625 (Alaska 1999); *Cameron v. Minidoka County Highway Dist.*, 874 P.2d 1108, 1112 (Idaho 1994); *Owens v. C & R Waste Material*, 388 A.2d 977, 979 (N.J. 1978). We find the New Jersey Supreme Court's explication of this rationale particularly instructive:

> The third-party recovery results in a contemporaneous extinguishment of a liability of the [compensation insurer]. That constitutes a present benefit redounding to the [compensation insurer], in no way rendered less immediate or tangible because the extent of the eliminated liability was contingent in some respects. Since the obtaining by the [compensation insurer] of this tangible benefit coincides with the third-party recovery, it follows that the obligation to share legal expenses attributable to that recovery should be satisfied at the same time those expenses are borne by the employee.

*Owens*, 388 A.2d at 979. We disagree with Acadia that this benefit is too speculative since the possibility exists that it may not fully benefit from the holiday, because that possibility is "but one factor to be weighed by the trial court in determining the proper amount of attorney's fees to be assessed against the [compensation carrier]." *Circuit City Stores, Inc. v. Bower*, 413 S.E.2d 55, 57 (Va. 1992). We conclude that the present benefit of the holiday to Acadia justifies the trial court's determination that Acadia pay its share of expenses in a lump sum at the time of settlement.

Acadia contends that because the trial court found that "it will be impossible to sum the actual amounts from which Acadia will benefit," the court lacked support for its award of expenses for the full holiday. Acadia, however, concedes that its share of expenses associated with the holiday is properly allocated based upon its *potential* liability. *See* 6 LARSON & LARSON, *supra* § 117.02(1)(e). This potential liability includes both the pre-settlement lien and any future medical expenses that Knapp may incur.

The record contains evidence that Knapp's future medical expenses had a present value far in excess of the holiday. Thus, we cannot conclude that the trial court's allocation of expenses based upon the full holiday was clearly untenable.

Acadia next argues that the trial court was not authorized to reduce its pre-settlement lien by assessing Acadia its share of expenses associated with the holiday. *See Del Rio v. Northern Blower Co.*, 574 F.2d 23, 27-28 (1st Cir. 1978). Acadia's argument, however, ignores the fact that the trial court specifically ruled that Acadia's share of expenses was not to reduce its pre-settlement lien, but was rather to be paid in a lump sum to Knapp in exchange for procurement of the holiday. Acadia further contends that an assessment of expenses in a lump sum is unfair because it will only be left with $84,000 of its $542,204.33 lien. We disagree. Acadia will benefit not only from the pre-settlement lien but also from the $684,795.77 holiday it may take from paying future benefits. The result of the trial court's ruling is that Acadia will pay the legal expenses associated with Knapp's settlement for $1,227,000 and will be relieved of the potential of paying $1,227,000 in benefits. We find no unfairness in such a result.

Acadia finally argues that the trial court's ruling usurps the labor department's authority over medical expenses in workers' compensation claims under RSA 281-A:23 because the ruling has "totally eliminated" Acadia's ability to contest Knapp's medical expenses up to the amount of the holiday. This argument is without merit. The trial court's ruling in no way affects Acadia's ability to deny coverage for medical expenses under RSA 281-A:23. Acadia remains free to refuse to reduce its holiday for any medical expenses for which it is not obligated to compensate Knapp under RSA 281-A:23.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.