NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Compensation Appeals Board
No. 2015-0218

APPEAL OF THOMAS PHILLIPS
(New Hampshire Compensation Appeals Board)

Argued:  March 3, 2016
Opinion Issued:  June 28, 2016

Wadleigh, Starr & Peters, P.L.L.C., of Manchester (Michael R. Mortimer on the brief and orally), for Thomas Phillips.

Bernard & Merrill, PLLC, of Manchester (Andrew A. Merrill on the brief and orally), for State Farm Fire and Casualty Company.

LYNN, J.  The petitioner, Thomas Phillips, appeals a decision of the New Hampshire Compensation Appeals Board (CAB) denying his request for attorney's fees in the amount of one-third of the value of workers' compensation benefits awarded to him, as provided in a contingent fee agreement that he entered into with counsel.  See RSA 281-A:44 (Supp. 2015).  On appeal, the petitioner argues that the CAB erred when it failed to award:  (1) the contingent fee in accordance with the fee agreement; or (2) at least a "generous fee" under the circumstances of this case.  In addition to these issues, we requested that the parties brief the petitioner's renewed fee request in connection with his prior appeal in this matter.  We vacate and remand.

The following facts are taken from the record or from our prior decision in this matter.  See Appeal of Phillips, 165 N.H. 226 (2013).  The petitioner was

injured in a workplace accident in 2006, which rendered him a quadriplegic. In 2009, the petitioner filed a claim for workers' compensation benefits, which the employer's insurer, State Farm Fire and Casualty Company (State Farm), denied for several reasons, including untimely notice and employee fault due to intoxication. The CAB agreed with State Farm as to these issues and determined that the employer was not liable for workers' compensation payments. On appeal, we held that the notice to the employer was sufficient and timely, and remanded the case to the CAB for further proceedings regarding whether the petitioner's intoxication caused his injury.

Following remand, the chair of the CAB panel disclosed a potential conflict of interest and recused himself. Because the chair had participated in the prior proceedings, the petitioner moved for a de novo hearing before a new CAB panel. The CAB granted the petitioner's request.

At the hearing before the new panel, the parties stipulated that our rulings in the prior appeal constitute the law of the case, and that the only issue that remained was whether the petitioner was barred from claiming benefits due to his intoxication. Following a hearing, the CAB ruled in the petitioner's favor and awarded him ongoing weekly total disability benefits and medical benefits.

Subsequently, the petitioner requested that the CAB award him attorney's fees and expenses in connection with the litigation. See RSA 281-A:44, I. The petitioner argued that, pursuant to his contingency fee agreement with counsel, he was entitled to fees in the amount of one-third of "[t]he total amount of past medical bills, past benefits, plus future medical bills and future benefits including likely future permanent impairment and future indemnity payments." Based upon his calculations, the petitioner requested a fee award of $4,138,200.90, inclusive of expenses. The petitioner also included an alternative contingency fee request, if the fee were based only upon recovery to date, and an alternative hourly fee request. At around the same time, the petitioner filed a fee request with this court, asking for an hourly fee award for the prior appeal in the event that the CAB ordered an hourly fee award.

In its objection filed at the CAB, State Farm acknowledged that the petitioner was entitled to the payment of reasonable attorney's fees and expenses pursuant to the workers' compensation statute and administrative rules. However, State Farm objected to the award of fees based upon the contingent fee agreement. Instead, State Farm argued that the CAB should award a fee only for reasonable time expended, at a reasonable hourly rate, and reasonable costs incurred for proceedings before the CAB.

After holding a hearing, the CAB ruled that, although contingent fee agreements in workers' compensation cases are not per se unreasonable, the contingent fee requested in this case, which included one-third of all future

2

benefits, was unreasonable.  It stated that it was "not inclined to award fees based upon the hypotheticals counsel posed as to the gross amounts of indemnity or medical benefits the claimant may or may not receive over his lifetime."  Ultimately, the CAB awarded the petitioner $79,369.59 — an amount "equal to the hourly rate he would have been charged as set forth in the [fee] agreement had he elected to be charged on an hourly basis," exclusive of fees and expenses incurred before this court in his prior appeal.  After unsuccessfully moving for rehearing, the petitioner filed this appeal.

"We will not disturb the CAB's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable."  Appeal of Kelly, 167 N.H. 489, 491 (2015) (quotation omitted); see RSA 541:13 (2007).  "We review the factual findings of the CAB deferentially and review its statutory interpretation de novo."  Appeal of Kelly, 167 N.H. at 491.  "On questions of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole."  Appeal of Phillips, 165 N.H. at 230.  "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used."  Id.  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."  Id.  "We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose."  Id.

We first address the petitioner's argument that the CAB erred by excluding the petitioner's future medical benefits from consideration as part of a contingent fee.  RSA 281-A:44, I, currently provides in pertinent part that "[i]n any dispute over the amount of the benefit payable under [the Workers' Compensation Law] which is appealed to the [CAB] or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court."  RSA 281-A:44, I(a).  We have stated that contingent fees in workers' compensation cases are not per se unreasonable.  See Couture v. Mammoth Groceries, Inc., 117 N.H. 294, 296 (1977) (decided under prior law).  In Couture, we upheld the trial court's grant of attorney's fees in the amount of one-third of "any benefits received to date as well as for any future benefits."  Id. at 295 (quotation omitted).  We cautioned that "[t]his is not to say, however, that in all [workers'] compensation cases a one-third or one-quarter contingent fee is reasonable."  Id. at 297.  To that end, we included a list of considerations in determining the reasonableness of attorney's fees.  Id. at 296.

Eleven years after Couture, the legislature recodified the Workers' Compensation Law.  See Laws 1988, 194:2, :3.  Under the recodified law, the section allowing for attorney's fees retained virtually identical language to that which was in place when we decided Couture.  Compare RSA 281:37-a (Supp. 1975) with RSA 281-A:44, I (Supp. 1988); see also Laws 1988, 194:1, I (stating

3

that the enactment of RSA chapter 281-A "is merely a reorganization and new designation of the material that already existed as RSA 281" and "should not be interpreted as containing new material or making substantive changes"). Moreover, the recodified language does not materially differ from its current iteration. See RSA 281-A:44, I(a). From this we infer that, in the nearly four decades that have passed since we decided Couture, the legislature has not taken issue with our interpretation that contingent fees can be "reasonable counsel fees" under the Workers' Compensation Law. Cf. Ichiban Japanese Steakhouse v. Rocheleau, 167 N.H. 138, 143 (2014) (assuming our interpretation of a statute conformed to legislative intent when sixteen years elapsed without an amendment to the statute).

In making its determination that the petitioner's contingent fee agreement was unreasonable, the CAB relied, in part, upon RSA 281-A:37, II (2010), which states that "[i]n no event shall the medical provisions of this chapter be lump summed." It reasoned that "[w]here it would be illegal for the claimant's counsel to lump sum settle [the petitioner's] eligibility for medical benefits under the Workers' Compensation Act, then logically it would seem to follow that it is inappropriate to bill [State Farm] a contingent fee inclusive of the claimant's medical expenses, under the fee shifting statute." However, the policy supporting a prohibition of lump sum medical benefits, as reflected in the statute's plain language, is to ensure that funds for future medical expenses are available when needed. That same policy does not justify an exclusion of future medical benefits in awarding attorney's fees, and RSA 281-A:44, I, contains no similar prohibition.

Moreover, although RSA 281-A:44, I, does not specifically address what type of benefits may be considered in determining reasonable counsel fees, we have upheld contingent fees in which the amount included future benefits. See Couture, 117 N.H. at 295. Additionally, we have also held that "[i]n certain instances attorney's fees should be allowed for an award of medical benefits." Corson v. Brown Prods., Inc., 119 N.H. 20, 26 (1979) (decided under prior law). If the legislature wanted to exclude future medical benefits from consideration in awarding contingent fees it could have done so. See, e.g., RSA 676:17, II (2008) (allowing a municipality to recover only reasonable attorney's fees "actually expended" if it is found to be a prevailing party). We note that, although other jurisdictions have statutes that provide limits on the inclusion of future medical benefits in the calculation of attorney's fees, ours does not. See, e.g., Colo. Rev. Stat. Ann. § 8-43-403(1) (LexisNexis 2015) ("In the event that medical benefits are the only contested issue, the fee agreement shall provide for reasonable fees calculated on a per-hour basis or, subject to approval by the director, may provide for a contingent fee not to exceed the limitations imposed by this section."); N.M. Stat. Ann. § 52-1-54(H) (West 2016) ("The value of future medical benefits shall not be considered in determining attorney fees."); Fla. Stat. Ann. § 440.34 (West 2016) ("For purposes of [the attorney's fees] section, the term 'benefits secured' does not include future

medical benefits to be provided on any date more than 5 years after the date the claim is filed."), declared unconstitutional on other grounds by Castellanos v. Next Door Co., No. SC13-2082, 2016 WL 1700521 (Fla. Apr. 28, 2016).

Absent a clear intent by the legislature to exclude future medical benefits from consideration in an award of reasonable counsel fees, we believe that a categorical bar excluding them from consideration cuts against the broad remedial purpose of the Workers' Compensation Law. See Appeal of Phillips, 165 N.H. at 230; see also Appeal of Denton, 147 N.H. 259, 260-61 (2001) (interpreting "award" as used in the interest provision of RSA 281-A:44 to include medical benefits). Therefore, we conclude that the CAB erred when it ruled otherwise.

State Farm argues that the CAB determined "as a matter of fact" that a contingent fee on future medical bills was unreasonable and speculative. We cannot say based upon the record before us that this is what occurred. Although the CAB stated that "[w]here it is impossible for the panel to determine now what future benefits may be collected by the claimant, and whether and to what extent they may be in controversy, any present valuation is mere speculation," it appears that the CAB did not consider the merits of the petitioner's proposed future cost estimate, but, rather, rejected the notion that any claimant could ever provide a reasonable estimate of the amount of future benefits. However, a blanket rule that future medical benefits are always speculative and, therefore, cannot be demonstrated, is contrary to our case law.

For example, in Knapp v. Tennessee Gas Pipeline, 149 N.H. 740 (2003), we affirmed a trial court's ruling that an insurer, who received a "holiday" from paying future medical benefits due to a third-party settlement, was required to pay its share of attorney's fees in a lump sum based, in part, upon estimated future benefits. Knapp, 149 N.H. at 743-44. The insurer argued that it was "unfairly speculative" because an event could occur, such as the claimant's death, which would eliminate the realization of the full holiday. Id. at 742. We disagreed with the insurer that the "benefit [was] too speculative since the possibility exist[ed] that it may not fully benefit from the holiday, because that possibility [was] but one factor to be weighed by the trial court in determining the proper amount of attorney's fees." Id. at 743 (quotation omitted). Because "[t]he record contain[ed] evidence that [the claimant's] future medical expenses had a present value far in excess of the holiday," we could not say the trial court erred in allocating expenses based upon the full holiday. Id. at 744.

Additionally, we disagree with State Farm that this case is controlled by our holding in Cheshire Toyota/Volvo, Inc. v. O'Sullivan, 132 N.H. 168 (1989) (decided under prior law). State Farm's argument confuses the trial court's ruling in that case — that the present value of likely future benefits was too speculative — with our own holding on appeal. See Cheshire Toyota/Volvo,

5

Inc., 132 N.H. at 169. The only argument we addressed in that case was whether the "trial court's discretion [was] limited to approving a requested award of reasonable counsel fees based on the fee arrangement between the client and his attorney." Id. at 170 (quotation omitted). We rejected this argument and affirmed the amount of the trial court's fee award as reasonable. Id. at 171.

State Farm also argues that: (1) the CAB awarded the petitioner a generous fee and that we should affirm that award; (2) the CAB correctly applied the test for determining a reasonable fee; and (3) the CAB's award complies with the goals of fee shifting under the statute. However, given the fact that the CAB erroneously determined that it could not award a contingent fee that includes consideration of the petitioner's future medical benefits, we cannot say whether it would have exercised its discretion in the same manner absent this error. Therefore, we vacate the fee award and remand to the CAB for re-determination of the amount of attorney's fees to be awarded.

We agree with State Farm that the CAB correctly determined that the standard of reasonableness, not the fee agreement between the petitioner and his counsel, controls the amount of attorney's fees. See id. ("[T]he fee arrangement between an attorney and his client is but one of a number of factors for a court to consider in determining a reasonable fee."); City of Manchester v. Doucet, 133 N.H. 680, 684 (1990) (decided under prior law) (stating that the trial judge "was not obligated to award attorney's fees in the amount provided by the contingent fee agreement"). With this in mind, should the CAB decide to award a contingent fee on remand, it is permissible for it to adjust the fee based upon the factors laid out in Doucet. See Doucet, 133 N.H. at 683; N.H. R. Prof. Conduct 1.5(a).

To the extent that State Farm argues that the petitioner is not entitled to fees for the proceedings before the first CAB panel, we decline to address this argument. The CAB decided that the petitioner "ultimately prevailed on all claims" and awarded the petitioner a fee, based upon his counsel's hourly rate, inclusive of time spent on the litigation before the first panel. State Farm filed no cross-appeal regarding this award. However, State Farm's contention, that the second panel may have been unnecessary had it not been for alleged deficiencies in counsel's prior performance, may be considered in determining the amount of the fee. See Doucet, 133 N.H. at 683 (allowing for consideration of the skill employed by the prevailing attorney).

Finally, we turn to the petitioner's request for fees and costs incurred in the prior appeal to this court. See Appeal of Phillips, 165 N.H. 226. State Farm objects, arguing that the petitioner did not "prevail" in the prior appeal, but rather received a remand hearing, which was never held because of the previously undisclosed conflict of the CAB chair, and subsequently was granted a de novo hearing before a new panel.

6

As noted above, RSA 281-A:44, I(a) provides that if any employee "prevails" in "any dispute over the amount of the benefit payable" under the statute "which is appealed to . . . the supreme court," the employee "shall be entitled to reasonable counsel fees and costs as approved by the . . . court." The relevant definition of "prevail" means "the employee shall have received an award for disability benefits, medical, hospital, and remedial care, a scheduled permanent impairment award, vocational rehabilitation, or reinstatement of the employee, which is greater in amount than awarded by the decision which is the subject of the appeal." RSA 281-A:44, I(a)(1).

We recently held that a petitioner who succeeds in obtaining a new hearing before the CAB, and subsequently succeeds on the merits on remand, is entitled to attorney's fees and costs incurred in the earlier appeal to this court. Appeal of Northridge Envtl., 168 N.H. ___, ___ (decided Mar. 22, 2016). That is what occurred in this case. The fact that a new panel decided the case after remand does not affect the analysis under the statute. The issue remained a "dispute over the amount of the benefit payable," and the petitioner received an amount greater "than awarded by the decision which [was] the subject of the appeal." RSA 281-A:44, I(a). Therefore, we conclude that the petitioner "prevail[ed]" in his prior appeal and is entitled to "reasonable counsel fees and costs" for that appeal. Id.

However, because we remand to the CAB to make a new determination regarding counsel fees, we reserve ruling on the amount of fees to which the petitioner is entitled in connection with the prior appeal and the instant appeal to this court. Although we have held that generally the CAB is the proper forum to rule upon attorney's fee requests for legal services provided at the administrative level, and we are the proper forum for ruling upon fee requests for legal work performed in connection with appeals to this court, see Appeal of Brown, 143 N.H. 112, 121-22 (1999), we have not had occasion to address the applicability of this paradigm where a request for approval of a contingency fee is at issue. Because a contingency fee usually, although not always, contemplates a single fee based upon a percentage of the recovery obtained, we conclude that, in this circumstance, if the CAB determines that a contingency fee is proper, such fee will necessarily include compensation for the entire case, including the prior appeal and this appeal.

Vacated and remanded.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

7