NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
No. 2016-0175


APPEAL OF KATHERINE STREETER
(New Hampshire Compensation Appeals Board)

Submitted:  November 16, 2016
Opinion Issued:  December 13, 2016


Shaheen & Gordon, P.A., of Manchester (Francis G. Murphy on the brief), for the petitioner.


Patch, FitzGerald & Ward, P.A., of Manchester (John B. FitzGerald, III on the brief), for the respondent.


DALIANIS, C.J.  The petitioner, Katherine Streeter, appeals an order of the New Hampshire Compensation Appeals Board (board) denying her request for attorney's fees under New Hampshire Administrative Rules, Lab 207.01(a)(4).  We affirm.

The relevant facts follow.  In November 2013, Streeter injured her left shoulder at work.  On December 16, she notified her employer, the respondent, Garrison Medical, P.A., of her injury and the respondent filed a First Report of Injury with its insurance carrier the next day.  On December 19, Streeter was diagnosed with tendonitis and referred for physical therapy.  In February 2014, she had an MRI which showed "mild degenerative changes and mild tendinosis of the left shoulder."  She received a steroid injection in March and was

subsequently unable to work for two weeks, during which time the respondent's insurance carrier paid indemnity benefits.

On April 3, the respondent submitted a "Memo of Denial of Workers' Compensation Benefits," denying "ongoing disability and medical at this time as not [causally] related to employment." (Bolding omitted.) The respondent explained in its denial memorandum that the "[d]iagnosis and findings on [the MRI] are not consistent with the mechanism of injury, findings indicate degenerative and other issues in [the] shoulder." On May 20, Streeter underwent surgery to repair a lesion in her shoulder. Thereafter, she was unable to work until August 25, when she returned to her job.

Streeter requested a hearing with the New Hampshire Department of Labor (department), following which the hearing officer found that Streeter had sustained her burden of proof to demonstrate that her injury was causally related to her workplace activities. See RSA 281-A:2, XI, XIII, :48 (2010). The hearing officer also found that her condition "worsened over the five to six months between the date of injury and her surgery in April 2014" and that her worsening condition "ultimately led to the need for that surgery." Accordingly, Streeter was awarded "payment of her medical treatment associated with this case, including, but not limited to, her surgery and physical therapy treatment . . . [and] indemnity benefits at the temporary total disability rate from May 20, 2014 through August 24, 2014." The hearing officer instructed Streeter's attorney to "submit for approval all fees charged for professional legal services rendered in connection with this claim pursuant to RSA 281-A:44."

Streeter's attorney was awarded 20% of the retroactive indemnity award, pursuant to New Hampshire Administrative Rules, Lab 207.01(a)(1). Under that rule, an attorney for a claimant who prevails at a workers' compensation hearing before a hearing officer when the issue in dispute relates to the causal relationship of the injury to employment is entitled "to 20% of the retroactive indemnity benefits payable out of the benefit received from the claimant." N.H. Admin. Rules, Lab 207.01(a)(1).

Thereafter, her attorney requested additional fees pursuant to New Hampshire Administrative Rules, Lab 207.01(a)(4). Under that rule, when the issue in dispute in a workers' compensation hearing "relates to medical bills and a period of disability subsequent to the case being found compensable," the attorney for a claimant who prevails before a hearing officer is entitled to "20% of the retroactive benefits payable out of the benefits received from the claimant" and "[f]ees and cost paid by the carrier as a result of disputing the medical bill issue." N.H. Admin. Rules, Lab 207.01(a)(4). The hearing officer denied the request, finding that Streeter's attorney was entitled only to 20% of the retroactive award and, thus, her "request for legal fees relative to the award of medical benefits [was] inappropriate under these circumstances."

Streeter appealed to the board and a de novo hearing was held. The board rejected Streeter's position that her attorney was entitled to 20% of fees and costs pursuant to Rule 207.01(a)(4). The board determined that Rule 207.01(a)(4) "applies only when the issue relates to medical bills and disability 'subsequent to the case being found compensable,'" and that "[t]he first time that Ms. Streeter's bills and indemnity benefits were found compensable was when the Hearings Officer found them to be so." The board reasoned that Rule 207.01(a)(4) can be construed as "punitive in nature. The carrier pays 'extra' if it wrongly denies payments after the Department has found that payments should be made. It is to deter carriers from taking the Department's findings lightly and tormenting claimants." Thus, because the issue in dispute before the hearing officer was the causal relationship of Streeter's injury to her employment, the board concluded that her attorney was entitled only to fees pursuant to Rule 207.01(a)(1). Streeter unsuccessfully sought reconsideration of the board's decision. This appeal followed.

On appeal, Streeter argues that "by paying benefits voluntarily after 21 days after notification of the claim," the respondent's insurance carrier made a "de facto" determination pursuant to New Hampshire Administrative Rules, Lab 506.02 that her injury was compensable. (Bolding and capitalization omitted.) Thus, she asserts, because she "prevailed after the carrier itself determined that the work related injury was compensable," she is entitled to fees under Rule 207.01(a)(4). The respondent counters that neither it nor its insurance carrier made a "de facto determination that the injury was compensable because the claimant was only paid two weeks of indemnity benefits." (Bolding, underlining, and capitalization omitted.) Therefore, "the issue of [the] causal relationship of [the] injury to [the] employer needed to be addressed and was properly before the hearing officer pursuant to [Streeter's] own request." (Bolding, underlining, and capitalization omitted.)

We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. Appeal of Phillips, 169 N.H. 177, 180 (2016); see RSA 541:13 (2007). We review the factual findings of the board deferentially and review its statutory interpretation de novo. Id. As the appealing party, Streeter bears the burden of demonstrating that the board's decision was erroneous. See Appeal of Rose, 146 N.H. 219, 220 (2001).

Resolving the issues on appeal requires that we engage in statutory construction. "Statutory interpretation is a question of law, which we review de novo." Petition of Malisos, 166 N.H. 726, 729 (2014). When construing a statute, "[w]e are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Appeal of Wilson, 161 N.H. 659, 662 (2011). "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." Id. We apply the same

3

principles of construction in interpreting administrative rules.  Appeal of Town of Pittsfield, 160 N.H. 604, 606 (2010).

Pursuant to administrative rules that govern "how parties in the workers' compensation process substantially comply with the duty to compute and pay compensation," if an employer or carrier determines that a case is not compensable, it must complete and file a "Memo of Denial of Workers Compensation Benefits" with the department "and send a copy to the claimant within 21 days of notification of a claim or subsequent period of disability." N.H. Admin. Rules, Lab 501.01, 506.02(o)(1) (quotation omitted).  "If disability benefits have been paid within the first 21 days of the receipt of notice of disability, and the employer, [or] carrier . . . determines that payment should not have been made, they may cease weekly payments of compensation."  N.H. Admin. Rules, Lab 506.02(p); see N.H. Admin. Rules., Lab 506.02(q) ("If disability benefits have been paid after 21 days following the carrier's receipt of the notice of disability the carrier shall request permission of the department prior to terminating benefits.").

As set forth above, Streeter was unable to work for two weeks in March 2014, during which time the respondent's insurance carrier paid indemnity benefits.  The respondent, thereafter, determined that the injury was not compensable and filed a "Memo of Denial of Workers' Compensation Benefits," denying any further liability on grounds that the injury was not causally related to Streeter's employment.

The board correctly found that "the first time that Ms. Streeter's bills and indemnity benefits were found compensable was when the Hearings Officer found them to be so."  See RSA 281-A:41 (2010) ("No payment of any benefits made under this chapter shall in any way prejudice the rights of an employer in any dispute regarding the question of whether or not an injury . . . arose out of and in the course of an employee's service."); see also N.H. Admin. Rules, Lab 504.02(e) (the filing of the employer's first report of injury "shall in no way prejudice the employer's right to contest the compensability of the claim at a later date").  Accordingly, we reject Streeter's contention that the respondent made a "de facto" determination that her injury was compensable.  In fact, the issue before the hearing officer was whether Streeter had established the causal link between the injury and her employment.

Streeter argues that our case law supports her position that the respondent determined "de facto" that her claim was compensable, resulting in the hearing officer's determination that she was entitled to payment of her medical treatment and indemnity benefits being made "subsequent to the case being found compensable."  N.H. Admin. Rules, Lab 207.01(a)(4).  She asserts that under our case law, "the department need not find that an injury is compensable for attorney's fees to be appropriate if the carrier or employer de facto has made that determination."  However, the cases cited by Streeter are

4

distinguishable.  See Appeal of Elliott, 140 N.H. 607, 608-09, 610 (1996) (determining that insurance carrier's voluntary continuation of disability payments for approximately seven years constituted an agreement between the insurance carrier and the injured party having the same legal effect as an award made by the labor commissioner for the purpose of a review hearing); Coulombe v. Noyes Tire Co., 125 N.H. 765, 766-67 (1984) (decided under prior law) (noting that where insurance carrier paid indemnity benefits to the employee for approximately three years, despite the fact that "no actual award was made by the labor commissioner . . . , an agreement between an insurance carrier and an injured party that benefits are payable has the same legal effect as an award" for purposes of applying the statute of limitations applicable to modifying awards); Prassas v. Company, 100 N.H. 209, 210 (1956) (decided under prior law) (explaining that a final settlement agreement executed by the employee and the insurance carrier and approved by the labor commissioner has the same legal effect as an award made by the commissioner).

We hold that, because the initial determination of whether Streeter's injury was causally related to her employment was made by the hearing officer, Streeter's attorney was entitled only to "20% of the retroactive indemnity benefits payable out of the benefit received."  N.H. Admin. Rules, Lab 207.01(a)(1).

Affirmed.

HICKS, CONBOY, and BASSETT, JJ., concurred.

5