NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
No. 2016-0224


APPEAL OF BEVERLY DESMARAIS
(New Hampshire Compensation Appeals Board)

Argued:  March 9, 2017
Opinion Issued:  June 16, 2017


Boynton Waldron Doleac Woodman & Scott, P.A., of Portsmouth (Christopher E. Grant on the brief and orally), for the petitioner.


Trombley & Kfoury, PA, of Manchester (Paul R. Kfoury, Jr. and J. Kirk Trombley on the brief, and Mr. Kfoury orally), for the respondents.


BASSETT, J.  The petitioner, Beverly Desmarais, appeals the decision of the New Hampshire Compensation Appeals Board (CAB) denying her request for attorney's fees and costs that she incurred in litigating a fee dispute with the respondents, Utica National Insurance Group (Utica) and AMI Graphics. The CAB determined that, although the Workers' Compensation Law entitled the petitioner to attorney's fees and costs associated with litigating the merits of her workers' compensation claim, it did not further entitle her to fees and costs incurred in successfully litigating the fee dispute.  We reverse and remand.

The record supports the following facts. In May 2014, the petitioner was injured while working for AMI Graphics. The respondents disputed that the petitioner was entitled to workers' compensation benefits and requested a hearing at the Department of Labor (DOL). In April 2015, a hearing officer found in favor of the petitioner, concluding that the petitioner had "sustained a compensable work related injury," and that "the medical care in dispute [was] reasonable, necessary and causally related" to the injury. Utica was ordered to pay the petitioner's medical bills.

Shortly thereafter, the petitioner requested that Utica reimburse her for attorney's fees and costs that she had incurred in litigating her claim at the DOL. The fees and costs totaled $3,486.50. In support of her request, the petitioner argued that, because she had succeeded on the issue of "disputed medical bill[s]," RSA 281-A:44, VI entitled her to an award of attorney's fees and costs. That provision provides:

> [W]hen an insurance carrier . . . disputes the causal relationship of a medical bill to the claimant's injury, or whether a medical bill was required by the nature of the injury, and denies payment of such bill, [and] is after a hearing, ordered to pay or reimburse the bill . . . the claimant shall be entitled to reimbursement of reasonable counsel fees and costs as approved by the commissioner.

RSA 281-A:44, VI (Supp. 2016) (emphasis added). The respondents objected, asserting that they had not disputed the payment of "specific medical bills" at the DOL hearing. The hearing officer denied the petitioner's request.

The petitioner appealed to the CAB. The CAB agreed with the petitioner and ordered Utica to reimburse the petitioner the full amount of the fees and costs that she had requested. The respondents did not appeal.

The petitioner then requested that Utica reimburse her an additional $4,299.49 for attorney's fees and costs, which she had incurred in her successful effort to recover her fees and costs. She argued that the fees and costs eligible for reimbursement under RSA 281-A:44, VI include the additional fees "incurred in conducting the appeal to have the attorneys' fees paid." The respondents objected.

The CAB denied the petitioner's request for the additional fees and costs. Rather than analyzing the petitioner's request under paragraph VI of RSA 281-A:44, the CAB examined whether she was entitled to additional fees and costs under paragraph I, a separate fee-shifting provision. See RSA 281-A:44, I (Supp. 2016) (providing for award of attorney's fees to employees for certain successful appeals to the CAB or this court). The CAB denied her request, concluding that the petitioner did not satisfy the requirements of paragraph I.

The petitioner moved for rehearing and reconsideration, which the CAB denied. This appeal followed.

On appeal, the petitioner argues that the CAB erred when it denied her request for the attorney's fees and costs that she incurred in successfully litigating her entitlement to attorney's fees and costs. She argues that she is entitled to reimbursement under either paragraph I or paragraph VI of RSA 281-A:44, as well as under various administrative rules promulgated by the DOL.

The respondents counter that the CAB correctly denied the second request for attorney's fees and costs because the petitioner did not meet the requirements of RSA 281-A:44, I. Although the respondents also appear to challenge the CAB's first fee award, because they failed to file a timely appeal, that decision is now final. See RSA 281-A:43, II (Supp. 2016). Thus, we need only decide whether the CAB erred when it denied the petitioner's second request for fees and costs. Because we agree with the petitioner that, under these circumstances, RSA 281-A:44, VI entitles the petitioner to reimbursement of her additional attorney's fees and costs, we need not address the petitioner's remaining arguments.

We will not disturb a CAB decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. Appeal of Northridge Envtl., 168 N.H. 657, 660 (2016); see RSA 541:13 (2007). Although we review the CAB's factual findings with deference, we review its statutory interpretation de novo. Northridge, 168 N.H. at 660.

On questions of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. Appeal of Phillips, 169 N.H. 177, 180 (2016). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose. Id.

At the outset, we observe that the general rule in New Hampshire is that "each party to litigation must pay his or her own attorney's fees." Northridge, 168 N.H. at 665. There are, however, exceptions to this rule, one of which is when a statute "specifically authorizes the award of attorney's fees." Id. RSA 281-A:44, VI is such a statute: it authorizes reimbursement of reasonable attorney's fees and costs if the claimant prevails at a DOL hearing on the issue of the payment of disputed medical bills. See also N.H. Admin. R., Lab 207.01(a)(3) (requiring insurance carrier to reimburse claimant's attorney's fees and costs when claimant prevails on dispute over whether medical bill is

"causally related to the compensable injury or . . . required by the nature of the injury"). Consistent with this authorization, the CAB determined that, because the petitioner was the "prevailing party on [the issue of] medical bills" at the DOL hearing, the petitioner was entitled to the reimbursement of attorney's fees and costs that she incurred in litigating the merits of her claim. The only question before us, therefore, is whether the "reasonable counsel fees and costs" to which the petitioner is entitled under RSA 281-A:44, VI include fees and costs incurred in successfully litigating her entitlement to fees and costs.

As a general matter, the purpose of fee shifting provisions is to encourage attorneys "to take cases that otherwise might not be economically feasible or attractive," N.H. R. Prof. Conduct 1.5 Ethics Committee Comment, which helps to promote "the achievement of statutory goals," Couture v. Mammoth Groceries, Inc., 117 N.H. 294, 295 (1977) (quotation omitted). To effectuate that purpose, courts in most jurisdictions "have held or indicated that reasonable attorneys' fees may be awarded for litigating" the issue of a party's entitlement to fees and costs. 1 Robert L. Rossi, Attorneys' Fees § 6:15, at 6-60 (3d ed. 2016) (collecting cases); see also In re Southern California Sunbelt Developers, Inc., 608 F.3d 456, 463 (9th Cir. 2010) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." (quotation omitted)); Spicer ex rel. Spicer v. Birth Related, 633 S.E.2d 732, 735 (Va. Ct. App. 2006) ("[S]cores of courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee." (quotation omitted)).

As the Third Circuit Court of Appeals correctly observed, "[i]f an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased." Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir. 1978). Faced with that economic reality, "attorneys may become wary about . . . cases for which attorneys' fees are statutorily authorized," id., which would undermine the purpose of fee shifting. Further, we note that awarding fees and costs under such circumstances "discourages the losing party in fee litigation from engaging in protracted and needless appellate litigation." Lamar Ad. Co. v. Charter Tp. of Van Buren, 178 F. App'x 498, 502 (6th Cir. 2006).

We agree with the reasoning of these courts and conclude that, under RSA 281-A:44, VI, the petitioner is entitled to reimbursement of reasonable attorney's fees and costs that she incurred in successfully litigating the fee dispute. The evident purpose of paragraph VI is to encourage claimants to obtain, and attorneys to provide, representation in a certain class of disputes regarding workers' compensation benefits. Our interpretation of paragraph VI is not only consistent with this purpose, it also "give[s] the broadest reasonable

4

effect to [the] remedial purpose" of the Workers' Compensation Law. Northridge, 168 N.H. at 661.

Accordingly, we remand to the CAB for a determination as to the reasonableness of the additional fees and costs that the petitioner incurred in litigating the fees and costs issue at the administrative level. See Appeal of Phillips, 169 N.H. at 184-85. Any party aggrieved by the CAB's order on fees and costs may appeal to this court pursuant to RSA chapter 541. RSA 281-A:43, I(c) (Supp. 2016). Within thirty days, the petitioner may file with this court a motion for attorney's fees and costs incurred in connection with the appeal to this court.

Reversed and remanded.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.